IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOLLY JOSEPHINA KEABETSWE,

    Petitioner,

v.                               No. 2:26-cv-00156-KG-KK

HECTOR RIOS, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Molly Josephina Keabetswe's Motion to Enforce Judgment, Doc. 14, and the Government's Objections, Doc. 19.  Because Petitioner's challenge presents purely legal questions, the Court declines to hold a hearing, 28 U.S.C. § 2243, and denies the motion for the reasons below.

## I.    *Background*

Ms. Keabetswe, a 50-year-old Botswanan citizen, entered the United States in 2017 through the advanced parole program.  Doc. 1 at 6.  For the past decade, she has remained compliant with her conditions of release and has no criminal record.  *Id.*  She resided in New York City.  Doc. 10-1 at 1.

On July 11, 2025, the Department of Homeland Security arrested Ms. Keabetswe following a regularly scheduled ICE check-in.  Doc. 1 at 7.  On December 22, 2025, an immigration judge ("IJ") ordered Petitioner removed from the United States.  *See* Doc. 10 at 2. Petitioner appealed that order, and the Board of Immigration Appeals ("BIA") summarily dismissed her appeal on March 24, 2026.  *See* Doc. 19-1.  The BIA clarified that the removal

order became administratively final "upon the respondent's waiver of the right to appeal" at her December 22, 2025, removal hearing.  *Id.* at 3.

## II.      Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.     Analysis

After reviewing the record and applicable legal authority, the Court concludes that Petitioner fails to meet the standards set out in *Zadvydas* and that her detention is now governed by 8 U.S.C. § 1231(a)(1).

"[T]he Government ordinarily secures" a noncitizen's removal during the 90 days after issuing a final order for the person to be removed.  *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1).  During that 90-day removal period, the noncitizen is typically detained.  *Zadvydas*, 533 U.S. at 682.  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting a noncitizen's "indefinite detention" would violate due process, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."  *Zadvydas*, 533 U.S. at 690, 699.  A six-month detention period, the Supreme Court held, is presumptively reasonable.  *Id.* at 701.  After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must…rebut that showing" or release the noncitizen.  *Id*. at 701.  "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what

2

counts as the reasonably foreseeable future…shrink[s].” *Id.*  The remedy for a due process violation under *Zadvydas* is typically release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Under these principles, the Court denies Petitioner's motion to enforce without prejudice. As of the date of this order, Petitioner has been detained for roughly five months since her order of removal became administratively final on December 22, 2025, which is under the presumptively reasonable six-month period of detention that *Zadvydas* recognized.

## IV.    *Conclusion*

Petitioner's motion to enforce judgment, Doc. 14, is denied without prejudice. Petitioner's Motion for Immediate Release, Doc. 12, is denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.